**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4106**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

WAYNE MICHAEL SCUPP,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:09-cr-00524-RBH-4)

———————

Submitted:  July 21, 2015         Decided:  July 23, 2015

———————

Before WILKINSON and MOTZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea of guilty, Wayne Michael Scupp was convicted of conspiracy to commit bank fraud and to steal and possess stolen mail, in violation of 18 U.S.C. § 1349 (2012). He was sentenced to 18 months' imprisonment, followed by a 5-year term of supervised release. Shortly after his release, Scupp engaged in new criminal conduct, leading to a petition for revocation of his supervised release. At the revocation hearing, Scupp admitted the alleged violations. The district court sentenced him to 12 months of imprisonment, followed by a 1-year term of supervised release. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but seeking review of the reasonableness of Scupp's revocation sentence. Scupp was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief. Finding no error, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that "is within the statutory maximum and is not plainly unreasonable" will be affirmed on appeal. Id. (internal quotation marks omitted). In so evaluating a sentence, we assess it for reasonableness, utilizing "the procedural and substantive

2

considerations" employed in evaluating an original criminal sentence. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors enumerated in 18 U.S.C. § 3583(e) (2012). Id. at 439. The district court also must provide an explanation for its chosen sentence, but the explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. Only if we find a sentence to be procedurally or substantively unreasonable will we determine whether the sentence is "plainly" so. Id. at 439.

Here, the district court considered the parties' arguments, Scupp's allocution, the statements of his friends and family, and the relevant statutory factors before sentencing Scupp below the policy statement range. The district court provided an explanation tailored to Scupp, focusing specifically on the nature of his violations of supervised release, his extensive criminal record, his mental health issues, and his family's statements to the court. We therefore conclude that Scupp's sentence is neither

3

procedurally nor substantively unreasonable. We have examined the entire record in accordance with the requirements of <u>Anders</u> and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court.

This court requires that counsel inform Scupp, in writing, of the right to petition the Supreme Court of the United States for further review. If Scupp requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Scupp. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4